**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **THE PARISH OF CAMERON,** | * | **CIVIL ACTION NO. 2:26-cv-01347** |
| | * | |
| **Plaintiff,** | * | |
| | * | |
| **versus** | * | |
| | * | |
| **BP AMERICA PRODUCTION COMPANY, APACHE OIL CORPORATION, CHEVRON U.S.A., INC., DAVIS OIL COMPANY, ENERGY PROPERTIES, INC., GAS TRANSPORTATION CORPORATION, LA MESA PRODUCTION, INC., LINDER OIL COMPANY, A PARTNERSHIP, AND SHOCKER ENERGY OF LOUISIANA, INC.,** | * * * * * * * * * * | |
| | * | |
| **Defendants.** | * | |

# NOTICE OF REMOVAL

Defendant Chevron U.S.A. Inc. ("the Removing Defendant"), with a full reservation of rights, defenses, objections, and exceptions, hereby removes to this Court, pursuant to 28 U.S.C. §§ 1367, 1441 and 1442, the above-captioned civil action bearing the number 10-19576 in the 38th Judicial District Court for the Parish of Cameron, State of Louisiana.

On April 17, 2026, the Supreme Court of the United States issued its decision in Case No. 24-813, *Chevron USA Inc. v. Plaquemines Parish, Louisiana*, 608 U.S. __, 2026 WL 1040461 (the "Chevron Opinion"). The Chevron Opinion vacated the Fifth Circuit's affirmance of two related orders remanding parish lawsuits against Chevron to Louisiana state court because the two lawsuits involved activities "for or relating to" acts under color of federal office and thereby satisfied the federal officer removal statute. *See* 28 U.S.C. § 1442(a)(1).

The Chevron Opinion interpreted a 2018 expert report ("2018 Report," Case 2:18-cv-687 ECF Nos. 1-1 to 1-6, W.D. La. May 23, 2018) that the Supreme Court recognized to "reflect[] the parishes' general theories of liability across the 42 suits," including in this suit. Chevron Opinion at *5. Plaintiffs' 2018 Report attributes coastal land loss to wartime practices that allegedly caused systemic, region-wide cumulative forces, including "altered hydrology due to the proliferation of dredged canals and deep-well fluid withdrawal associated with the oil and gas industry." 2018 Report at -00005. The Supreme Court characterized the oil and gas industry as operating urgently, in an "all hands-on deck, wartime context" to produce "more crude oil as quickly as possible to facilitate more avgas refining" in coastal Louisiana. Chevron Opinion at *7. The 2018 Report shows that the parish lawsuits broadly challenge these practices as causing land loss across the coast.

While the parishes have recently sought to characterize their suits as each limited to operations within a chosen polygon, drawn by Plaintiffs' counsel for litigation purposes, the 2018 Report demonstrates the opposite. The Report expressly alleges that "[h]ydrologic impacts extend beyond case area boundaries,"[1] 2018 Report at -00055, and attributes land loss across Louisiana's coastal zone to the same wartime practices the Supreme Court found "related to" the Removing Defendant's work on behalf of the federal government: using "vertical-drilling methods [that] 'maximize[d] production' of crude oil," canals that "saved 'time, materials, and manpower,' resulting in more 'timely oil production,'" and "earthen pits [that] complied with the [Government's] directive to preserve steel." Chevron Opinion at *7. The parishes' theories of

[1] The 2018 Report further alleges that the continued operation of canals and disposal features "contributed to and/or caused hydrologic changes . . . within *and beyond the boundaries of the Bayou Gentilly case area*," and that "[a]ll of these activities cumulatively led to significant wetland, habitat and marine productivity losses within *and beyond the Bayou Gentilly case area*." 2018 Report at -00039 (emphases added).

land loss causation posit that the challenged practices, which began during wartime, caused widescale land loss across the coast, including in this case area.

Plaintiffs' suit is thus squarely related to the same wartime coastal production practices the Supreme Court assessed in the Chevron Opinion. The Removing Defendant is entitled to federal-officer jurisdiction in this case, as in *Chevron USA Inc. v. Plaquemines Parish, Louisiana*, because activities related to wartime work for the federal government are alleged to have caused region-wide forces extending "beyond case area boundaries" to cause land loss for which the plaintiffs seek to recover.

The Supreme Court's ruling thus provides Removing Defendant the right to remove this action to federal court. In the Chevron Opinion, the Supreme Court explained that "relating to," as used in the statute, "sweeps broadly" and requires only that the connection between the suit and acts under color of federal office not be "tenuous, remote, or peripheral." Chevron Opinion at *6. The Supreme Court applied that rule to two parish lawsuits attacking operators' oil production activities (*e.g.*, vertical drilling, canals, earthen pits) and held that those activities were "related to" the defendants' government refining contracts because they allowed the defendants to increase their production of crude oil, the "essential feedstock" of the aviation gasoline ("avgas") being refined under the contracts. *Id.* at *7. The Supreme Court found this connection easily satisfied the "broad[]" "relating to" standard even though oil production and refining occurred in different places; even though the refining contracts did not specify where or how to fulfill the contract or to obtain crude oil; and even though the refiners did not control where the oil they refined came from, including whether it was their own crude oil or another producer's.

Importantly, the Supreme Court expressly rejected Louisiana's contention that removal requires the defendant to have been "acting under" in taking the specific crude oil production actions challenged in the suit. Chevron Opinion at *8. The Court explained that the removal statute "contemplates removal of suits against officers or their agents for acts that were *not* done under color of their offices, so long as the suits 'relat[e] to' such acts," and it rejected Louisiana's effort to conflate the "acting under" element with the "for or relating to" element. *Id.* (emphasis added). Ultimately, as the Supreme Court held, "producing crude oil relates to refining it into avgas" and thereby satisfies that prong of the federal officer removal test. *Id.* at *7.

In clarifying how the facts of these coastal parish suits fit within federal officer jurisdiction, the Supreme Court has rejected the geographic formalism and other causal limitations that the Fifth Circuit and district courts had used to improperly reject federal officer jurisdiction. Because the plaintiffs' 2018 Report establishes that the very production practices giving rise to their theories of land-loss causation—practices the Supreme Court has now recognized are linked to wartime federal contracts—caused harm extending well beyond any particular case-area polygon, the boundaries of the Plaintiffs' designated "Operational Area" cannot defeat removal. The Supreme Court's decision thus sets forth a new basis for removal in this lawsuit.

The Chevron Opinion is controlling on the removal question here. Under the Supreme Court's reasoning, the Removing Defendant satisfies each disputed element of the federal officer removal statute previously considered by this Court. The Removing Defendant and/or its predecessors "acted under" a federal officer pursuant to contracts with the federal government to refine avgas and other war products during wartime—like the contracts the Supreme Court considered in the Chevron Opinion. *See* Chevron Opinion at *4; *see generally, e.g.*, Gravel

Declaration (Case No. 2:18-cv-677, ECF No. 170-2, and as amended, W.D. La. Oct. 8, 2021) (describing further examples of such federal contracts). Defendant's exploration for and production of crude oil in the Louisiana Coastal Zone during wartime "relates to" those federal contracts. *See* Chevron Opinion at *5, *7. Defendant is therefore entitled to a federal forum in which to present its colorable federal defenses, including preemption, due process, and immunity, among others.[2]

Further, other grounds for removal may apply. In an abundance of caution, Removing Defendants do not waive and expressly re-urge their removal grounds as asserted in their prior Notices of Removal (*see* note 2), including without limitation the grounds set forth in the 2016 and 2018 Notices of Removal; and/or federal officer jurisdiction such as without limitation by "acting under" or pursuant to a special relationship with the federal government, 28 U.S.C. § 1442. Defendants re-assert those grounds and incorporate their prior briefing and arguments.

In addition, the Court should exercise supplemental jurisdiction. Section 1367 confers "a broad grant of supplemental jurisdiction over other claims within the same case or controversy, as long as the action is one in which the district courts would have original jurisdiction." *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 558 (2005). "The last sentence of § 1367(a) makes it clear that the grant of supplemental jurisdiction extends to claims involving joinder or intervention of additional parties." *Id.* The Removing Defendant respectfully asks the Court to exercise its supplemental jurisdiction over any claims deemed not to be within the Court's original jurisdiction.

---

[2] The Removing Defendant incorporates by reference as if fully restated here, its prior notices of removal as well as its prior jurisdictional briefing in this and the related parish cases. *See* Case Nos. 2:16-cv-540 (W.D. La.), 2:18-cv-687 (W.D. La.), and the related cases described in the attachment to the civil cover sheet.

This removal is timely under 28 U.S.C. § 1446. A notice of removal may be filed "within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3). The Chevron Opinion is an "order or other paper" permitting removal under 28 U.S.C. § 1446(b). *See Green v. R.J. Reynolds Tobacco Co.*, 274 F.3d 263, 268 (5th Cir. 2001) (holding that an order justified removal in a similar case, such as where a case "involv[ed] the same defendants, and a similar factual situation and legal issue"). This case involves the same defendant, a similar factual situation, and the same legal issue that the Supreme Court decided in the Chevron Opinion. Accordingly, removal is timely. *See id.*

For those reasons, the Removing Defendant respectfully removes this case pursuant to 28 U.S.C. §§ 1367, 1441 and 1442.

A copy of process, pleadings, and orders served upon the Removing Defendant is attached as Exhibit 1, and the Removing Defendants will supplement with the certified state court record. Pursuant to 28 U.S.C. § 1446(d), promptly after the filing of this Joint Notice of Removal, the Removing Defendant will provide all adverse parties with written notice of the removal and file a copy of the Notice of Removal with the appropriate State court Clerk.

Respectfully submitted:

*/s/ Alexandra White*
Alexandra White (#29478) – Lead Attorney
lwhite@susmangodfrey.com
**SUSMAN GODFREY L.L.P.**
Eric J. Mayer (#14184)
emayer@susmangodfrey.com
1000 Louisiana Street, Suite 5100
Houston, Texas 77002-5096
Telephone: (713) 651-9366
Facsimile: (713) 654-6666

**KEAN MILLER LLP**
Pamela R. Mascari (#25162)
pam.mascari@keanmiller.com
Charles S. McCowan III (#19699)
trey.mccowan@keanmiller.com
John C. Funderburk (#35597)
John.funderburk@keanmiller.com
II City Plaza, 400 Convention St., Suite 700
Post Office Box 3513 (70821)
Baton Rouge, Louisiana 70802
Telephone: (225) 387-0999
Facsimile: (225) 388-9133

**KEAN MILLER LLP**
Michael R. Phillips (#21020)
mike.phillips@keanmiller.com
Claire E. Juneau (#33209)
claire.juneau@keanmiller.com
Michael A. Levatino, Jr. (#39961)
michael.levatino@keanmiller.com
First Bank and Trust Tower
909 Poydras Street, Suite 3600
New Orleans, LA 70112
Telephone: (504) 585-3050
Facsimile: (504) 585-3051

***Attorneys for Defendant Chevron U.S.A. Inc.***

**CERTIFICATE OF SERVICE**

I hereby certify that on April 27, 2026, a copy of the above and foregoing was electronically filed with the Clerk of the Court by using the CM/ECF system, which will send notice of electronic filing to all counsel registered for electronic service. I further certify that a copy of the foregoing pleading will be served on all parties to this proceeding not registered for electronic service by e-mailing, faxing, and/or mailing the same by United States mail, properly addressed and first-class postage prepaid.

/s/ *Alexandra White*
Alexandra White (#29478)